UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKEY HAWTHORNE, #180295,

                Petitioner,

                                        CASE NO. 2:12-CV-10242

v.                                 HONORABLE GERALD E. ROSEN

MITCH PERRY,

                Respondent.

_____/

**OPINION AND ORDER SEVERING CIVIL RIGHTS CLAIM, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING MOTION TO DISQUALIFY, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.     Introduction**

       This is a habeas case under 28 U.S.C. § 2254.  Michigan prisoner Rickey Hawthorne ("Petitioner") was convicted of three counts of first-degree criminal sexual conduct ("CSC 1"), MICH. COMP. LAWS  § 750.520b(1)(a) (person under 13), one count of second-degree criminal sexual conduct ("CSC 2"), MICH. COMP. LAWS § 750.520c(1)(a) (person under 13), and two counts of accosting, enticing, or soliciting a child for an immoral purpose, MICH. COMP. LAWS § 750.145a, following a jury trial in the Wayne County Circuit Court in 2004.  He was sentenced as a third habitual offender, MICH. COMP. LAWS § 769.11, to concurrent terms of 50 to 100 years imprisonment on the CSC 1 convictions, 15 to 30 years imprisonment on the CSC 2 conviction, and 4 to 8 years imprisonment on the accosting a child convictions.

       In his habeas application, Petitioner raises claims concerning: (1) the conduct of prison officials and his access to the courts, (2) prosecutorial misconduct including improper seizure of

evidence, improper joinder of cases, use of perjury, and collusion with defense counsel, (3) the constitutionality of the accosting a minor statute, (4) ineffective assistance of trial counsel, (5) the admission of other acts evidence, and (6) ineffective assistance of appellate counsel. Petitioner has also filed a motion to disqualify the Michigan Attorney General's Office and the Michigan Department of Corrections from this action. For the reasons set forth herein, the Court severs and dismisses without prejudice Petitioner's first claim as a civil rights claim, dismisses without prejudice the remaining claims for failure to fully exhaust state court remedies, and denies as moot the motion to disqualify. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis on* appeal.

## II.    Analysis

### A.    Severance

In his first claim, Petitioner asserts that prison officials confiscated his legal materials and impeded his right of access to the courts. This claim concerns the conditions of his confinement, not the legality of his state criminal proceedings or the fact of his confinement. It is therefore properly deemed a civil rights claim, not a habeas claim. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack upon the legality of custody and the traditional function of the writ is to secure release from illegal custody); *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007) (habeas relief is not available to prisoners who are complaining of mistreatment during incarceration).

Accordingly, to the extent that Petitioner seeks relief on his first claim challenging the conduct of prison officials, aside from merely alleging an impediment to the timely filing of his habeas petition, the claim must be severed and dismissed without prejudice. *See, e.g., McDonald*

2

*v. McQuiggan*, No. 07-CV-10915, 2009 WL 2351775, *1, n. 2 (E.D. Mich. July 29, 2009) (noting

that court previously severed civil rights claims from habeas action); *Jones v. Booker*, No. 07-CV-

10784, 2007 WL 2780755, *2 (E.D. Mich. Sept. 24, 2007) (severing civil rights claims from habeas

action). Should Petitioner wish to pursue the claim in federal court, his proper recourse is to file a

civil rights action pursuant to 42 U.S.C. § 1983. The Court makes no determination as to the

procedural or substantive merits of any such action.

**B.    Exhaustion**

In his remaining claims, Petitioner challenges the constitutionality of his criminal

proceedings. Such claims are properly considered in a habeas action. However, a prisoner filing

a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first completely exhaust all state

remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state

courts one full fair opportunity to resolve any constitutional issues by invoking one complete round

of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts,

meaning that the petitioner must have asserted both the factual and legal bases for the claims in the

state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v.

Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must be presented to

the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir.

1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan

Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998

(E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is

on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. His petition and attachments indicate that he presented his other acts evidence claim to both of the Michigan appellate courts on direct appeal of his convictions, but did not do so with respect to his other claims. It appears that he first raised an ineffective assistance of appellate counsel claim before the Michigan Supreme Court. His presentation of that claim to the Michigan Supreme Court on discretionary review does not satisfy the exhaustion requirement. *See Castille v. Peoples*, 489 U.S. 346, 349 (1989). It further appears that he has not properly presented his remaining claims concerning prosecutorial misconduct, the constitutionality of the accosting a child statute, and ineffective assistance of trial counsel to any of the Michigan courts before instituting this action. Petitioner has thus failed to properly exhaust all of his claims in the state courts before proceeding on federal habeas review.

Generally, a federal district court should dismiss a "mixed" habeas petition, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of state court remedies would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on merits despite failure to exhaust state remedies).

Additionally, a federal court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, there is no evidence of intentional delay, and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner has available remedies in the Michigan courts by which to satisfy the exhaustion requirement. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court raising his unexhausted claims and then pursue those claims in the state appellate courts as necessary. Petitioner therefore has additional remedies in the state courts which must be exhausted before seeking federal habeas relief.

Moreover, a stay of the proceedings is not warranted. First, the habeas petition already appears to be untimely under one-year statute of limitations, *see* 28 U.S.C. § 2244(d), because Petitioner waited more than one year (and 90 days) after the conclusion of his direct appeal, *see Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000); S. Ct. R. 13(1), to institute this action. Thus, a non-prejudicial dismissal at this juncture will not further affect the timeliness of the habeas petition. Second, Petitioner has not shown good cause for failing to fully exhaust all of his claims in the state courts before seeking federal habeas review. Any deficiencies by appellate counsel or impediments by prison officials does not excuse the failure to fully exhaust state court remedies before pursuing a federal habeas action (even if such circumstances could justify an untimely filing).

Lastly, Petitioner's unexhausted claims concern matters of federal law which do not all appear to be "plainly meritless." Given such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the petition is appropriate.

**III.   Conclusion**

For the reasons stated, the Court concludes that Petitioner's first claim must be severed from this action as a civil rights claim and that he has not fully exhausted available state court remedies as to all of his remaining claims. Accordingly, the Court **SEVERS** and **DISMISSES WITHOUT PREJUDICE** Petitioner's first claim and **DISMISSES WITHOUT PREJUDICE** his remaining claims constituting the petition for a writ of habeas corpus. Should Petitioner wish to delete the unexhausted habeas claims and proceed only on the fully exhausted habeas claim (concerning the admission of other acts evidence), he may move to re-open this case and amend his petition to proceed on the exhausted claim within 30 days of the filing date of this order. The Court makes no determination as to the timeliness or merits of Petitioner's claims.

Given the dismissal of this action, the Court **DENIES** Petitioner's motion to disqualify the Michigan Attorney General's Office and the Michigan Department of Corrections from this action as moot.

Before Petitioner may appeal the Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional

right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

      **IT IS SO ORDERED**.


          s/Gerald E. Rosen
          Chief Judge, United States District Court

Dated: February 16, 2012

I hereby certify that a copy of the foregoing document was served upon Rickey Hawthorne, #180295, Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784 on February 16, 2012, by ordinary mail.

          s/Ruth A. Gunther
          Case Manager